UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN JOSSUE MATEO LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, NORTHWEST ICE<br><br>PROCESSING CENTER,<br><br>　　　　　Respondent. | Case No. 2:26-cv-00874-TMC<br><br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS |

## I.　INTRODUCTION

Self-represented petitioner Christian Jossue Mateo Lopez is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington by Respondents. With his petition for writ of habeas corpus, he seeks his release on bail. Dkt. 1 at 7. For the following reasons, his petition is GRANTED in part. The government must provide Mr. Mateo Lopez an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) within fourteen days of this order.

## II.　BACKGROUND

Mr. Mateo Lopez, a native of Honduras, entered the United States on December 6, 2016. Dkt. 6-1 at 2. He was 16 years old at the time. Dkt. 7 ¶ 3. He was detained by United States

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Customs and Border Patrol after entering, was served a Notice to Appear, and remained in their custody until January 21, 2017, when he was released under an Order of Recognizance. *Id.* ¶¶ 3–4; Dkt. 6-2 at 2. On April 18, 2018, Mr. Mateo Lopez submitted a Special Immigrant Juveniles application with the United States Citizenship and Immigration Services ("USCIS") and was approved on August 17, 2019. Dkt. 7 ¶ 5. On May 24, 2021, Mr. Mateo Lopez applied with USCIS to adjust his status to lawful permanent resident. *Id.* ¶ 7.

On May 7, 2025, Mr. Mateo Lopez was convicted of the crime, "Driving Under [the] Influence [of] Liquor," and Enforcement and Removal Operations ("ERO") was notified of this conviction shortly after. *Id.* ¶ 8; Dkt. 6-3 at 3. Eight days later, ERO issued a warrant for Mr. Mateo Lopez's arrest "pursuant to Sections 236 and 287 of the INA as well as the determination that [he] lacked an immigration status and/or was removable." Dkt. 7 ¶ 9. He was arrested on May 22, 2025 and was transferred to NWIPC on June 1, 2025. *Id.*

On August 26, 2025, Mr. Mateo Lopez moved for a bond redetermination hearing. *Id.* ¶ 10. On August 28, the Immigration Court found that he was subject to mandatory detention under 8 U.S.C. § 1225(b), and in the alternative, was not entitled to bond because he presents a danger and flight risk. Dkt. 6-4 at 2. On February 20, 2026, USCIS administratively closed Mr. Mateo Lopez's application for lawful permanent residence because he was in removal proceedings. Dkt. 6-5 at 2–3.

Mr. Mateo Lopez filed the instant petition on March 13, 2026. Dkt. 1. Interested non-party United States filed a return on March 30. Dkt. 5. Mr. Mateo Lopez filed a traverse on April 8. Dkt. 8. On May 8, The Court directed Respondent to provide a report on the status of Mr. Mateo Lopez's immigration proceedings. Dkt. 9. The United States submitted a report on May 11, informing the Court that on March 31, 2026, Mr. Mateo Lopez was ordered removed to

Honduras, and he had timely appealed the order to the Board of Immigration Appeals ("BIA"). Dkt. 10 at 1.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

### IV.    DISCUSSION

Mr. Mateo Lopez argues that his continued detention is unlawful because he has been detained for nine months despite being approved for a youth visa. Dkt. 1 at 6. "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated persons]." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The Court liberally construes Mr. Mateo Lopez's claim as one arguing that his detention has become so unreasonably prolonged that the Constitution requires a bond hearing.

The United States makes three arguments in response. First, the government argues that Mr. Mateo Lopez is not entitled to release because he is "mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A)." Dkt. 5 at 6 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506–08 (5th Cir. 2026)). Second, the government maintains that even if the Court disagreed and found Mr. Mateo Lopez subject to Section 1226(a), not Section 1225(b), "his detention is lawful as an immigration judge has issued an alternate bond order finding him to be a flight risk and a danger to the community." *Id.* Third, it argues that Mr. Mateo Lopez's detention comports with his right to procedural due process. *Id.* at 6–8 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)).

Respondent and the United States consider Mr. Mateo Lopez to be subject to detention under Section 1225. *Id.* at 6. Mr. Mateo Lopez does not provide an argument as to which section of the INA governs his detention, and he does not appear to challenge the statutory basis for his detention. *See* Dkts. 1, 8. Instead, the substance of his claim is that his detention has become unconstitutionally prolonged. The Court therefore assumes Mr. Mateo Lopez is subject to Section 1225 without considering the merits of the government's argument and considers his prolonged detention claim under that framework.

"Neither the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention" under Section 1225. *Toktosunov v. Wamsley*, No. 2:25-CV-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025). Courts in this district have adopted the "*Banda* test" to assess when such detention violates due process. *See, e.g.*, *Hong v. Mayorkas*, No. 20-CV-01784-LK, 2022 WL 1078627, at *5 (W.D. Wash. Apr. 11, 2022) (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)). Under *Banda*, a court evaluates the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* (citing *Banda*, 385 F. Supp. 3d at 1106). The Court will consider each *Banda* factor in turn.

### A.      Total length of detention

"[T]he most important factor" under the *Banda* test is the length of detention. 385 F. Supp. 3d at 1118. "The longer mandatory detention continues . . . the harder it is to justify." *Murillo-Chavez v. Garland*, No. C22-303-LK-MLP, 2022 WL 16555994, at *5 (W.D. Wash. Aug. 30, 2022) (citing cases), *report and recommendation adopted*, No. 2:22-CV-0303-LK, 2022 WL 16553176 (W.D. Wash. Oct. 31, 2022).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Mr. Mateo Lopez has been detained since May 22, 2025—nearly one year. Dkt. 7 ¶ 9. This factor has weighed in favor of petitioners with similar lengths in detention. *See, e.g.*, *Anisur R. v. Garland*, No. 2:24-cv-02132-JHC-TLF, 2025 WL 1920341, at *3 (W.D. Wash. June 26, 2025) ("almost 12 months"), *report and recommendation adopted*, 2025 WL 1919252 (W.D. Wash. July 11, 2025); *Ashemuke v. ICE Field Off. Dir.*, No. C23-1592-RSL-MLP, 2024 WL 1683797, at *4 (W.D. Wash. Feb. 29, 2024) (11 months), *report and recommendation adopted*, 2024 WL 1676681 (W.D. Wash. Apr. 18, 2024); *Rahmani v. Bondi*, No. C26-362-KKE, 2026 WL 638364, at *3–4 (W.D. Wash. Mar. 6, 2026) (8 months). Accordingly, this factor favors Mr. Mateo Lopez.

### B.    Likely duration of future detention

With the second factor, courts must consider "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (internal quotation marks omitted) (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 859 (D. Minn. 2019)). Due to the lengthy appeal process, this factor favors a petitioner when an appeal has been filed. *L.B.O.M. v. Hermosillo*, No. 2:25-CV-02695-GJL, 2026 WL 266068, at *4 (W.D. Wash. Feb. 2, 2026) (collecting cases). For cases in earlier stages, courts have found this factor neutral. *Id.*

Mr. Mateo Lopez has timely appealed his removal order to the BIA. Dkt. 10 at 1. Given the length of time the appeals process can take, the Court finds that the second *Banda* factor favors Mr. Mateo Lopez.

### C.    Conditions of detention

For the third factor, the Court must consider the conditions in which Mr. Mateo Lopez is detained. The more that these conditions "resemble penal confinement, the stronger [Petitioner's]

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (quoting *Jamal A.*, 358 F. Supp. 3d at 860). Mr. Mateo Lopez is detained at NWIPC. Dkt. 7 ¶ 13. Courts in this district have routinely found that this factor favors petitioners detained at NWIPC. *See, e.g.*, *Rahmani*, 2026 WL 638364, at *5; *Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *6 (W.D. Wash. Aug. 7, 2025); *Toktosunov*, 2025 WL 3492858, at *5; *Joshi v. Wamsley*, No. 2:26-CV-00148-TLF, 2026 WL 456822, at *6 (W.D. Wash. Feb. 18, 2026); *Chekhovskii v. Scott*, No. 2:25-CV-02550-TLF, 2026 WL 353265, at *5 (W.D. Wash. Feb. 9, 2026); *L.B.O.M.*, 2026 WL 266068, at *5. Accordingly, the third factor favors Mr. Mateo Lopez.

### D.      Delays in removal proceedings

"The fourth and fifth *Banda* factors consider whether there have been delays in the removal proceedings caused by Petitioner or Respondents, respectively." *Rahmani*, 2026 WL 638364, at *5 (citing *Banda*, 385 F. Supp. 3d at 1118). Courts should be "sensitive" to the possibility that petitioners may seek delay to "put off the final day of deportation," or "compel a determination" that they "must be released because of the length of [their] incarceration." *Id.* (quoting *Banda*, 385 F. Supp. 3d at 1119). Courts must also recognize that it is not unreasonable for petitioners to "raise legitimate defenses to removal." *Id.* (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *10 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)). Lastly, continued detention becomes more unreasonable if delay is caused by the government. *Id.*

Nothing from the parties' briefing indicates that Mr. Mateo Lopez caused any unreasonable delay. Mr. Mateo Lopez claims that during his yearlong detention, he has "had 12 court appearances, and the judge just keeps saying [he has] to wait for [his] residency to be approved." Dkt. 1 at 2. The United States also acknowledges that "it has taken longer than

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

normal for [Mr. Mateo Lopez] to have his hearing before an immigration judge." Dkt. 5 at 8. Delays stemming from the immigration court's "crowded docket," although not intentional, are "attributable to the Government." *Martinez*, 2019 WL 5968089, at *10. Accordingly, the Court finds that the fourth factor is neutral, and the fifth factor favors Mr. Mateo Lopez.

### E.     Likelihood of a final order of removal

Under the sixth *Banda* factor, the Court considers the likelihood that Mr. Mateo Lopez's removal proceedings will result in a final removal order. 385 F. Supp. 3d at 1118. "Where a noncitizen has not asserted any grounds for relief from removal, presumably the noncitizen will be removed from the United States, and continued detention will at least marginally serve the purpose of detention, namely assuring the noncitizen is removed as ordered." *Id.* at 1120. However, "where a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'" *Id.* (quoting *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)).

The Court lacks the information to "opine on the potential merits" of Mr. Mateo Lopez's claims and defenses and "finds this sixth factor to be neutral." *Joshi*, 2026 WL 456822, at *7.

### F.     Weighing the factors

Factors one, two, three, and five weigh in favor of Mr. Mateo Lopez. Factors four and six are neutral. After weighing the factors, the Court finds that Mr. Mateo Lopez's continued detention without a bond hearing has become unreasonable. *Dovlatov v. Hernandez*, No. 2:26-cv-00826-JNW, 2026 WL 1030454, at *3 (W.D. Wash. Apr. 16, 2026) (finding petitioner's detention had become unconstitutionally prolonged with four factors favoring petitioner and two factors neutral); *Kumar v. Hermosillo,* No. 2:26-CV-00389-JNW, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (same).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

**G.     Appropriate relief**

Having found that Mr. Mateo Lopez's continued detention has become unreasonable, the Court must now consider the appropriate relief. Mr. Mateo Lopez seeks his "release[] on bail." Dkt. 1 at 7. The remedy for prolonged detention is a bond hearing, not release. *L.B.O.M.*, 2026 WL 266068, at *6 (citing *Hong*, 2022 WL 1078627, at *7). The bond hearing must be held within 14 days of this order and must comport with *Singh v. Holder*, requiring the government to justify Mr. Mateo Lopez's continued detention by clear and convincing evidence. *Id.*

## V.     CONCLUSION

For the previously mentioned reasons, the Court orders the following:

1.     Mr. Mateo Lopez's prolonged detention under 8 U.S.C. § 1225(b) without a bond hearing violates the Due Process Clause of the Fifth Amendment.

2.     Mr. Mateo Lopez's petition for a writ of habeas corpus is GRANTED in part. Dkt. 1.

3.     Within 14 days of the date of this order, the government shall provide Mr. Mateo Lopez an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of May 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8