UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN JOSSUE MATEO LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent. | Case No. 2:26-cv-00874-TMC<br><br>ORDER DENYING MOTION TO ENFORCE JUDGMENT |

Before the Court is Petitioner Christian Jossue Mateo Lopez's motion to enforce this Court's May 13, 2026 Order. Dkts. 15, 18. For the following reasons, the motion is DENIED.

Mateo Lopez filed his petition for writ of habeas corpus on March 13, 2026. Dkt. 1. The Court granted his petition, ordering the Government to hold an individualized bond hearing within fourteen days of its May 13 order. Dkt. 11 at 8.

Mateo Lopez's bond hearing was first scheduled for May 19. Dkt. 21 at 2. Upon Mateo Lopez's request, the bond hearing was adjourned to May 26 for him to obtain counsel. *Id.* On May 22 a "family support package" was shipped to Mateo Lopez, containing "letters from friends and family" that "documented a fixed release address, lawful-permanent-resident sponsorship, employment and financial support, work history, family ties, and community ties."

Dkt. 18-1 at 13; Dkt. 18 at 1–2. FedEx had delivered the package to NWIPC on May 23, 2026. *Id.* However, it was not available for Mateo Lopez until after the May 26 hearing. *Id.* at 2.

At the May 26 bond hearing, Mateo Lopez informed the Immigration Judge (IJ) that he was waiting for these documents, so that he could present them at the hearing. Dkt. 24. The IJ explained that to comply with this Court's order that the hearing be held within fourteen days, the hearing would "go forward without [his] evidence." *Id.* The IJ asked what the contents of Mateo Lopez's documents were, and Mateo Lopez explained that they were from his "sponsors." *Id.* Mateo Lopez did not provide more details about the contents of the letters, but the IJ asked him questions that went to many of the same topics—where he would live if released, who he would live with, his employment history, and what family ties he had in the United States. *See id.* At the end of the bond hearing, the immigration judge concluded

> I considered that you would have had letters to give me. I am sure they are from friends and family and they would have said nice things about you, and that they support you, and want you to be released. But even with that, I find that the Department has met their burden by clear and convincing evidence that you are both a danger and a flight risk.

*Id.* On August 13, Mateo Lopez filed this instant motion to enforce. Dkts. 15, 18. Respondents filed their response on August 27. Dkt. 21. Mateo Lopez filed his reply on September 4. Dkt. 25.

The Court's May 13 order required Respondents to provide Mateo Lopez "an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)," which requires the Government to justify Mateo Lopez's continued detention by clear and convincing evidence. Dkt. 11 at 8. The Court has reviewed the record, which includes recordings of the May 19 and 26 hearings, and the letters Mateo Lopez ultimately received. Because Mateo Lopez ultimately received a bond hearing that complied with the requirements of *Singh v. Holder*, the Court DENIES his motion to enforce. At the bond hearing, the IJ required the Government to prove by clear and convincing evidence that Mateo Lopez was

a flight risk or a danger to the community. Dkt. 24. The IJ reviewed Mateo Lopez's criminal history, the status of his removal proceedings, his employment history, his family ties to the United States, and his plans for where he would live and who would support him if he were released. Although the IJ did not continue the hearing so that he could review Mateo Lopez's letters of support, he gave Mateo Lopez an opportunity to describe what the evidence would show, and asked questions to elicit much of the same information.

The IJ concluded that the Government had met its burden, citing Mateo Lopez's limited opportunities for relief from his removal order and his recent criminal history, particularly convictions for driving while intoxicated and hit and run. *See* Dkt. 24. In the later written bond memorandum prepared after Mateo Lopez filed an appeal, the IJ also noted his limited family ties to the United States. Dkt. 22-6. On this record, while it is unfortunate that mail delays prevented Mateo Lopez from presenting the letters he had collected, the Court cannot find that the IJ's decision not to grant a second continuance deprived Mateo Lopez of his due process rights or failed to comply with the Court's previous order.

Accordingly, the Court ORDERS as follows:

1. The motion to enforce the judgment (Dkts. 15, 18) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of September, 2026.

Tiffany M. Cartwright
United States District Judge